THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMBER MARACLE, Appellant. (Appeal No. 1.) [947 NYS2d 354]—

Memorandum: In *People v Maracle* (85 AD3d 1652 [2011], *revd* 19 NY3d 925 [2012]), this Court previously dismissed defendant's appeal from the judgment in appeal No. 1 to the extent that it imposed sentence on the conviction of four counts of forgery in the second degree, and we otherwise affirmed the judgment convicting her upon her plea of guilty of grand larceny in the second degree (Penal Law § 155.40 [1]) and four counts of forgery in the second degree (§ 170.10 [1]). With respect to defendant's appeal from the resentence in appeal No. 2, we affirmed the resentence on the forgery counts (*Maracle*, 85 AD3d at 1653). We concluded that defendant's waiver of the right to appeal encompassed her challenge to the severity of the sentence. In reversing our orders, the Court of Appeals concluded that the "plea colloquy fails to establish that defendant knowingly and intelligently waived her right to appeal the severity of her sentence" (19 NY3d at 927). The Court therefore remitted the matter to this Court "so that it may, should it so choose, exercise its interest of justice jurisdiction" (*id.*).

Upon remittal, we agree with defendant with respect to the

judgment in appeal No. 1 that the sentence imposed for grand larceny in the second degree is unduly harsh and severe. Thus, as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]), we modify the judgment by reducing the sentence to an indeterminate term of incarceration of $2^{1}/_{3}$ to 7 years. With respect to the resentence in appeal No. 2, we conclude that the sentence is not unduly harsh or severe. Present—Centra, J.P., Peradotto, Lindley and Sconiers, JJ.