People v Lloyd (2018 NY Slip Op 03032)





People v Lloyd


2018 NY Slip Op 03032


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, AND NEMOYER, JJ.


550 KA 17-00839

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH LLOYD, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered March 28, 2017. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences shall run concurrently, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of grand larceny in the third degree (Penal Law § 155.35 [1]) and scheme to defraud in the first degree (§ 190.65 [1] [b]) and sentencing him to consecutive indeterminate terms of imprisonment. We agree with defendant that his waiver of the right to appeal, which was entered when he pleaded guilty to the underlying offenses, "does not encompass his challenge to the severity of the sentence imposed following his violations of probation" (People v Giuliano, 151 AD3d 1958, 1959 [4th Dept 2017], lv denied 30 NY3d 949 [2017]).
We also agree with defendant that the sentence imposed by County Court is unduly harsh and severe. The sole basis for the declaration of delinquency was defendant's failure to pay restitution to the victims of his crimes, and the declaration was filed approximately four months after defendant was placed on probation. Defendant admitted to the violation and, by the time of sentencing, he had paid $2,500 of the $17,775 he owed in restitution. The court nevertheless revoked probation and sentenced defendant to the maximum term of imprisonment for each offense with the sentences running consecutively, for an aggregate sentence of 3&frac13; to 10 years.
Inasmuch as defendant's crimes are nonviolent and he had no prior criminal record aside from a misdemeanor charge to which he pleaded guilty the day before his plea in this case, we modify the judgment as a matter of discretion in the interest of justice by directing that the sentences run concurrently, thus reducing the aggregate sentence to 2&frac13; to 7 years (see CPL 470.15 [6] [b]; People v Maracle, 97 AD3d 1165, 1166 [4th Dept 2012]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court